| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | WILLIAM A. HALL, JR. |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 253403 |
| | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7046/(619) 235-2757 (Fax) |
| | Email: william.a.hall@usdoj.gov |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR3469-H |
| Plaintiff, | DATE: January 28, 2008 |
| | TIME: 2:00 p.m. |
| v. | Before Honorable Marilyn L. Huff |
| MARIO BARRON-GALVAN, | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant(s). | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Luis Armando Prado-Franquez (hereinafter "Defendant"), was charged by a grand jury on December 27, 2007, with violating 8 U.S.C. §§ 1326(a) and (b), deported alien found in the United States. Defendant was arraigned on the Indictment the same day, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on October 21, 2007, by a Border Patrol Agent ("BPA") in Jamul, California, during the Harris Fire wildfire. There, at approximately 5:30 p.m. that day, a BPA responded to an evaluation on four individuals in San Diego Sheriff's custody at the

1  intersection of Honey Springs Road and Mother Grundy Truck Trail. The BPA identified himself
2  and individually questioned the four individuals, one of which was Defendant, concerning their
3  citizenship. There, Defendant admitted that he was a citizen of Mexico with no documents
4  entitling him to enter or remain in the United States.

5  Defendant was transported to the Brown Field Border Patrol Station's processing center.
6  At the center, BPAs used Defendant's fingerprints to perform a computerized check of Defendant's
7  criminal and immigration history.

8  **B.    DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

9  Preliminary criminal history reports show that Defendant has felony convictions in
10 California. Defendant was convicted in 1999 in Tulare of Assault with a Deadly Weapon, in
11 violation of Cal. PC § 245(A)(1); he was sentenced to probation, and later sentenced to one year
12 of incarceration on a probation violation. Defendant was convicted in 2001 in Tulare of Domestic
13 Violence with Corporal Injury, in violation of Cal. PC § 273.5(a), and Assault with a Deadly
14 Weapon, in violation of Cal. PC § 245(A)(1); he was sentenced four years' incarceration.
15 Defendant was also convicted in this District in 1995 of misdemeanor and felony illegal entry, in
16 violation of 8 U.S.C. § 1325; he was sentenced to two years' incarceration.

17 Defendant's was last removed to Mexico on April 12, 2007.

18 **III**

19 **UNITED STATES' MOTIONS**

20 **A.    FINGERPRINT EXEMPLARS**

21 The United States requests that the Court order that Defendant make himself available for
22 fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427
23 F.3d 567, 576-77 (9th Cir. 2005) (government may have defendant fingerprinted and use criminal
24 and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial
25 evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical
26 characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against

27

28                                                                    3                              07CR3469-H

1 | self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United
2 | States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

3 | **B.    RECIPROCAL DISCOVERY**

4 | To date, the United States has provided Defendant with 55 pages of discovery, including
5 | reports of his arrest, his rap sheet, and copies of immigration and conviction documents, and one
6 | DVD.  The United States also agrees to schedule an A-file viewing at a time that is mutually
7 | convenient for defense counsel and the United States' case agent.  The government moves the
8 | Court to order Defendant to provide all reciprocal discovery to which the United States is entitled
9 | under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to disclose to the United States all
10 | exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial"
11 | and a written summary of the names, anticipated testimony, and bases for opinions of experts the
12 | defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## IV

## CONCLUSION

For the foregoing reasons, the government respectfully requests that its motions be granted.

DATED: January 14, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ William A. Hall, Jr.
WILLIAM A. HALL, JR.
Assistant United States Attorney

4                                   07CR3469-H